IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY A. RODRIGUEZ, <br> TDCJ-CID #1357555, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF <br> CRIMINAL JUSTICE - <br> INSTITUTIONAL DIVISION, <br><br> Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-14-0005 |

## MEMORANDUM AND ORDER

State inmate Henry A. Rodriguez (TDCJ #1357555) has filed a complaint against the Texas Department of Criminal Justice ("TDCJ") under 42 U.S.C. § 1983, alleging violations of his civil rights by being denied access to his legal mail by officials at the TDCJ Allred Unit. Rodriguez alleges that he appealed a criminal conviction out of Potter County, Texas, but has not been formally notified of the outcome. He claims that the Texas Court of Appeals reversed his conviction and that he should be released. Rodriguez has presented similar allegations in a civil rights complaint, against the Allred Unit Warden, which is pending in the United States District Court for the Northern District of Texas. *Rodriguez v. Anders*, Civil Action

No. 7:13cv00128 (N.D. Tex., *filed* Oct. 10, 2013) [*See* Doc. #3, p. 6].

Liberally construed, the incidents outlined in the complaint are alleged to have occurred at the Allred Unit, where the plaintiff currently resides and the primary defendants are employed. The Allred Unit is in Wichita County, which is located within the Northern District of Texas, Wichita Falls Division. *See* 28 U.S.C. § 124(a)(6). Neither the primary parties nor the civil rights violations alleged in the complaint have the requisite connection to the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). Thus, the complaint was not properly filed here. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. *See* 28 U.S.C. §§ 1404, 1406. A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). In the interest of justice, and for the convenience of the parties and witnesses, this Court concludes that the plaintiff's complaint should be transferred to the Northern District, Wichita Falls Division pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a).

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Northern District of Texas, Wichita

Falls Division.

    The Clerk shall provide a copy of this order to the parties.

    SIGNED at Houston, Texas, on <u>January 10</u>, 2014.

                                                                            *[signature]*
                                                                            Nancy F. Atlas
                                                             United States District Judge